UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

JAMES R. PETERSEN,

        Plaintiff,

        v.                                            Case No. 12-C-0937

WARDEN JOHN PAQUIN,

        Defendant.

ORDER SCREENING PETITION, DISMISSING CASE
AND DENYING A CERTIFICATE OF APPEALABILITY

James R. Petersen filed a petition under 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In 2000, Petersen was convicted in Iron County Circuit Court of first degree sexual assault of a child and sentenced to fourteen years of imprisonment. He is incarcerated at Racine Correctional Institution.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

In his petition, Petersen asserts one claim: the Wisconsin court lacked subject matter jurisdiction over his case. He contends that under the Wisconsin Constitution, all laws of the state shall start with the phrase "The People of the state of Wisconsin[,]

represented in senate and assembly, do enact as follows . . . ." (Pet. at 2 (citing Wis. Const. art. 4, § 17).) Petersen maintains that the statutes underlying his criminal convictions, Wis. Stat. §§ 948.02(1) and 948.07(1), lack the enactment clause and thus are void.

Even if lack of subject matter jurisdiction is a cognizable basis for federal habeas relief, Petersen's particular claim must be dismissed. His basis for arguing lack of subject matter jurisdiction is that the statutes pursuant to which he was convicted each lacked an enactment clause. But they did not. Petersen points to the absence of an enactment clause in § 948.02 and § 948.07, but those statutes are codifications of Wisconsin law, not the original form of the laws themselves. Laws in Wisconsin are passed and published in "Acts." *See* Wis. Stat. § 35.095 (describing the day on which a bill becomes an act and the number of each act); Wis. Stat. Preface; Wisconsin Legislative Documents, What are the Wisconsin Statutes?, http://docs.legis.wisconsin.gov/help/statutes (last visited Apr. 17, 2013) ("The Wisconsin Statutes are a compilation of the general laws of the state of Wisconsin currently in effect that have been given statute section numbers by legislation or supreme court order."). Wisconsin laws are passed in different form and given "Act" numbers, regardless of whether the various sections of the Acts are thereafter reorganized (or codified) in the Wisconsin Statutes.

Sections 948.02(1) and 948.07(1) are codifications of 1987 Wisconsin Act 332 § 55. Section 948.07(1) was later affected by amendments in 1995 Wisconsin Act 69 § 18 and 1995 Wisconsin Act 456 § 7.[1] All of these Wisconsin Acts begin with the phrase: "The

---

[1] The court has not referenced any amendment that went into effect after the date of Petersen's crime, August 20, 1999.

2

people of the state of Wisconsin, represented in senate and assembly, do enact as follows: . . . ." *See, e.g.*, Laws of Wisconsin, 1987 Wisconsin Act 332, *available at* http://docs.legis.wi.gov/1987/related/acts/332.pdf. Thus, the basis for Petersen's claim is factually incorrect.

Article IV, section 17(2) of the Wisconsin Constitution indicates that no law shall be in force until published. It was through the issuance of printed versions of the Acts that 1987 Wisconsin Act 332 was published on April 27, 1988; 1995 Wisconsin Act 69 was published December 1, 1995; and 1995 Wisconsin Act 456 was published July 10, 1996. Thus, all of these Acts were valid laws on the date of Petersen's offense in 1999.

In his brief, Petersen adds an argument that §§ 948.02(1) and 948.07(1) are invalid because they do not contain titles. Under article IV, section 18 of the Wisconsin Constitution, "[n]o private or local bill which may be passed by the legislature shall embrace more than one subject, and that shall be expressed in the title." This argument suffers the same problems as that regarding section 17. The codified Wisconsin Statutes are a reprinting or reorganization of provisions previously published in the Wisconsin Acts. When the Wisconsin Acts are referenced, the laws have titles. First, 1987 Wisconsin Act 332 is titled as an act to repeal certain provisions and create certain statutes and chapters of the statutes "relating to crimes and civil offenses against children, incest and providing penalties." Next, 1995 Wisconsin Act 69 is titled as an act to renumber and amend and create certain statutes relating to "sexual assault, crimes against children and providing penalties." And 1995 Wisconsin Act 456 is titled as an act to amend and create certain statutes relating to "sexual assault of a student by certain school employees and providing

3

Case 2:12-cv-00937-CNC   Filed 04/19/13   Page 3 of 5   Document 9

a penalty." Again, Petersen's position is factually incorrect and it plainly appears that his habeas petition must be dismissed.

An unsuccessful habeas petitioner has no right to appeal the denial of his petition. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 335 (2003). Before a habeas petitioner may take an appeal to the Seventh Circuit, he must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller-El*, 537 U.S. at 335-36. A certificate of appealability issues only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner makes a "substantial showing" by demonstrating that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *accord Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The certificate of appealability determination is not a second assessment of the merits. *See Miller-El*, 537 U.S. at 327, 336. Instead, the determination requires only a threshold inquiry into the debatability of the district court's decision—"an overview of the claims in the habeas petition and a general assessment of their merits." *Id.* at 336. The petitioner need not demonstrate that the appeal will succeed. *Id.* at 337. A claim may be debatable even though every jurist, after full consideration of the merits of the case, would decide against the petitioner. *Id.* at 338; *see also Davis v. Borgen*, 349 F.3d 1027, 1028 (7th Cir. 2003) ("[C]ertificates properly issue in many cases in which the prisoner will fail on full merits review.").

When a district court has rejected a petitioner's constitutional claims on the merits, "the showing required to satisfy § 2253(c) is straightforward: The petitioner must

4

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The issues raised by petitioner do not deserve encouragement to proceed further, nor is the denial of each issue debatable among jurists of reason. For the reasons set forth above, Petersen's claims fail factually. The defects he asserts regarding the validity of the Wisconsin Statutes under which he was convicted do not exist. Hence, this court does not believe jurists of reason would differ as to the issues presented in this case and as to whether these issues should proceed further. Therefore,

IT IS ORDERED that Peterson's petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Pursuant to a Memorandum of Understanding between the Attorney General and this court, copies of the petition and this order are being sent today to the Attorney General for the State of Wisconsin for service upon the respondent.

Dated at Milwaukee, Wisconsin, this 19th day of April, 2013.

BY THE COURT

/s/ C.N. Clevert, Jr.
C. N. CLEVERT, JR.
U. S. DISTRICT JUDGE